# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN M. ROMANCHUK,

        Plaintiff,                        Case Number: 06-CV-14785

v.                                           HONORABLE GERALD E. ROSEN

PATRICIA L. CARUSO,

        Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff Kevin M. Romanchuk, a state inmate currently incarcerated at the Parr Highway Correctional Facility in Adrian, Michigan, has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses the complaint, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted.

In his complaint, Plaintiff states that, on June 7, 2005, he was arraigned on five parole violation charges. On October 13, 2005, Plaintiff pleaded guilty to one parole violation in exchange for the dismissal of the remaining parole violation charges. Plaintiff argues that

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
. . .
(B) the action or appeal –
. . .
(ii) fails to state a claim upon which relief may be granted . . .

defendant Caruso has failed to honor the terms of the plea agreement.

A claim under 42 U.S.C. § 1983 is an appropriate remedy for a state prisoner challenging a condition of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a prisoner may not challenge the reliability and legality of his confinement under § 1983:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87. *See also Schilling v. White*, 58 F.3d 1081, 1085 (6th Cir. 1995) (holding that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus") (internal quotation omitted).

In this case, Plaintiff's argument that the plea agreement has not been honored necessarily implies the invalidity of his confinement. Plaintiff has not shown that his parole revocation has been overturned by either a Michigan state court or a federal habeas corpus decision. Thus, Plaintiff's claims are not cognizable under § 1983, and this Court shall dismiss the complaint.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), for failure to state a claim upon which relief may be granted.

> s/Gerald E. Rosen
> Gerald E. Rosen
> United States District Judge

Dated:  November 15, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on November 15, 2006, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager